```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| KEBRA M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 15-312-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FAYETTE COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Kebra M. Jones is a prisoner confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Jones has filed a civil rights action pursuant 42 U.S.C. § 1983. [R. 1]

Jones has now filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). [R. 4] The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Jones has been granted pauper status in this proceeding, the separate $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Jones's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails

1

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Jones's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Jones alleges that on June 18, 2015, Sgt. Johnson was interviewing him regarding a disciplinary charge for promoting contraband he was facing. Jones alleges that Sgt. Johnson told him that if he would show him his penis, he would reduce the punishment for the disciplinary offense. [R. 1, p. 2, 3] Jones contends that this conduct constituted sexual harassment. [R. 1, p. 4]

Jones further indicates that he was placed in disciplinary segregation from June 3 to August 7, 2015, as a result of the contraband charges. During this period, Jones's friends and family inquired whether he was receiving mail that they had sent, which he states he was not. When he inquired, mail room staff indicated that they were not holding any of his mail. Jones alleges that Sgt. Johnson, Major Korb, and Capt. Hall were confiscating mail from his family instead of delivering it to him in violation of Ky. Rev. Stat. 514.140. [R. 1, pp. 2-4; R. 1-1, pp. 1-5]

2

For relief, Jones has sued the Fayette County Detention Center "for allowing things like this to happen" and requests that officers Johnson, Korb, and Hall be fired. [R. 1, p. 8]

Having thoroughly reviewed Jones's complaint, the Court concludes that it must be dismissed. First, while Jones has identified the Fayette County Detention Center as a defendant, the detention center is merely a building owned and operated by Fayette County, and as such is not an entity which may be sued. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even construing Jones's claim as one against Fayette County, he makes no allegation that the conduct about which he complains is the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The Court must therefore dismiss any claims against the Fayette County Detention Center. *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002).

Second, Jones's allegation that Officer Johnson sexually harassed him by asking Jones to show him his penis on one occasion fails to state a claim of constitutional dimension. It is true that "[a]n unwanted touching of a person's private parts, intended

3

to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights." *Washington v. Hively*, 695 F. 3d 641, 643 (7th Cir. 2012). But while "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation," it is equally true that "a small number of incidents in which [the prisoner] allegedly was verbally harassed, touched, and pressed against without his consent … do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Boddie v. Schnieder*, 105 F. 3d 857, 861-62 (2d Cir. 1997) (dismissing Eighth Amendment claims of sexual harassment by prison guards where the incidents described were not severe enough to be "objectively, sufficiently serious" whether considered in isolation or cumulatively, but noting the conduct was "despicable and, if true, they may potentially be the basis of state tort actions.") Jones's claims here amount to no more than a single incident of verbal harassment, which fails to state a claim for violation of his constitutional rights. *Wingo v. Tenn. Dept. of Corrections*, 499 F. App'x 453, 455 (6th Cir. 2012); see also *Smith v. Potter*, No. 2:13-CV-2, 2013 WL 393447, at *2-3 (M.D. Tenn. Jan. 30, 2013).

With respect to Jones's claim regarding the alleged persistent interference with or confiscation of his mail, Jones expressly contends that this conduct violated Kentucky law,

4

specifically Ky. Rev. Stat. 514.140. [R. 1, p. 4; R. 1-1, pp. 3, 5] Federal law indicates that a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed Jones's sole federal claim early in this proceeding, it concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction of Jones's pendent state law claim. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claim without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Jones's motion to proceed *in forma pauperis* [R. 4] is **GRANTED**.

2. On or before December 11, 2015, Jones must pay **$35.83** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A). If he fails to do so, the Court will order

5

him to show cause why this action should not be dismissed for failure to make timely payment.

3. The Clerk of the Court shall open an account in Jones's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Jones's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Jones is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. After the initial partial filing fee is paid, each month Jones's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997).

5. Kebra M. Jones's federal constitutional claim is **DISMISSED WITH PREJUDICE**; Kebra M. Jones's state law claim, specifically that arising under Ky. Rev. Stat. 514.140, is **DISMISSED WITHOUT PREJUDICE**.

6. The Court will enter an appropriate judgment.

This 10th day of November, 2015.

6



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge